SF issued, no pre-govt. Pat

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SA    DEC - 7 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                        DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

    v.

LOCAL UNION NO. 174,
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,

    Defendant.

NO. C01-1995L

**COMPLAINT**

### I

Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519 et seq., 29 U.S.C. § 401 et seq.), hereinafter referred to as the "Act".

### II

Jurisdiction of this action is conferred upon the Court by Section 402(b) of the Act (29 U.S.C. § 482(b)).

### III

Defendants is, and at all times relevant to this action has been, an unincorporated association maintaining its principle office at 553 John Street, City of Seattle, County of King, State of Washington, within the jurisdiction of this Court.

COMPLAINT - 1



CV 01-1995 #1

IV

Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of Sections 3(i), (j), and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

V

Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the International Brotherhood of Teamsters, hereinafter referred to as the "International", an international labor organization engaged in an industry affecting commerce within the meaning of Sections 3(i), 3(j), and 401(a) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(a)).

VI

Defendant, purporting to act pursuant to its By-Laws, conducted an election of officers on November 21, 2000, which election was subject to the provisions of Title IV of the Act (29 U.S.C. § 481, et seq.).

VII

By letter dated November 22, 2000, addressed to the Joint Counsel of Teamster #28, the complainant, Bob Hasegawa, a member in good standing of defendant, protested the November 21, 2000, election. Having invoked the internal remedies available under the local's By-Laws without obtaining a final decision within three calendar months after invocation, the complainant filed a timely complaint with the Secretary of Labor by letter dated March 20, 2001, in accordance with the provisions of Section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

VIII

By letters dated April 11, 2001, May 8, 2001, June 25, 2001, July 13, 2001, September 28, 2001, November 5, 2001, defendant agreed that the time within which the plaintiff may bring suit with respect to defendant's aforesaid election be extended to June 8, 2001, July 18, 2001, August 1, 2001, September 28, 2001, November 16, 2001, and December 7, 2001, respectively.

COMPLAINT - 2

IX

Pursuant to Section 601 of the Act (29 U.S.C. § 521), and in accordance with Section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and as a result of the facts shown by her investigation, found probable cause to believe that violations of Title VI of the Act (29 U.S.C. § 481, et seq.), had occurred in the conduct of the election and had not been remedied at the time of the institution of this action.

X

Section 401(a) of the Act (29 U.S.C. § 481(e)) was violated in the conduct of the defendant's aforesaid election in that:

(1)     new applicants who had met the requirements for membership in Local Union No. 174 and were in good standing were denied the right to vote; and

(2)     the defendant failed to conduct its election in accordance with its By-Laws and the International Constitution when individuals who were not members of Local Union No. 174 were allowed to vote.

XI

The violations of Section 401(e) of the Act (29 U.S.C. § 481(3)), found and alleged above may have affected the outcome of the defendant's November 21, 2000, election for the offices of Secretary-Treasurer, President, and Trustee, and;

WHEREFORE, plaintiff prays for judgment:

(A)     declaring the defendant's election for the offices of Secretary-Treasurer, President, and Trustee to be null and void;

(B)     directing the defendant to conduct a new election for those offices under the supervision of the plaintiff;

(C)     for the costs of this action; and

(D)     for such other relief as may be appropriate.

COMPLAINT - 3

DATED this 1ᵗʰ day of December, 2001.

Respectfully submitted,

JOHN McKAY
United States Attorney

BRIAN C. KIPNIS
Assistant United States Attorney

OF COUNSEL:

U.S. DEPARTMENT OF LABOR
OFF ICE OF THE SOLICITOR

HOWARD M. RADZELY
Acting Solicitor of Labor
JOHN F. DEPENBROCK
Associate Solicitor
DENNIS A PAQUETTE
Counsel for Litigation
SUSANNE LEWALD
Acting Regional Solicitor
ROCHELLE KLEINBERG
Associate Regional Solicitor
WILLIE B. SHAIRD
Attorney

COMPLAINT - 4