THE HONORABLE ROBERT S. LASNIK

FILED ___ ENTERED
LODGED ___ RECEIVED
JAN 2 4 2003  KN
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

JAN 28 2003

CV 01 01995 #00000015

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELAINE CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> LOCAL 174 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, <br><br> Defendant. | Case No. C01-1995L <br><br> STIPULATION AND ORDER OF SETTLEMENT |

WHEREAS, Plaintiff the United States Secretary of Labor, brought this action on December 7, 2001, under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 519 *et seq.*, 29 U.S.C. §§ 481 *et seq.* (hereinafter "the Act"), seeking an order declaring null and void the results of the 2000 regular election for five (5) (Secretary-Treasurer, President, and three (3) Trustees) of the seven (7) positions on the Executive Board of the Defendant Local 174, International Brotherhood of Teamsters, AFL-CIO (hereinafter "the Local" or "the Union"), which election was conducted by the Defendant Local after a nominations meeting that took place on or about October 12, 2000, and further

seeking an order directing the Local to conduct a new election for those positions under the supervision of the Secretary of Labor; and

WHEREAS, the Secretary of Labor contended that (a) the Local allowed certain applicants for membership to vote who had not met all conditions for membership in that they had not fully paid their initiation fee by the date of the election because the applicants either did not sign the check-off form authorizing their employer to make payroll deductions for the initiation fees until several months after they started working, or the applicants paid the initiation fee on their own but they were delinquent in those payments, and (b) the Local did not allow certain other applicants for membership to vote because the Local contended that such applicants had not fully paid their initiation fee despite that (i) their employer had deducted a sufficient amount of funds from their wages to have paid the initiation fee in full in advance of the election date which amounts were not all remitted by their employer to the Local prior to the election date, or (ii) their employer failed to make weekly payroll deductions from the wages of certain applicants, in accordance with the collective bargaining agreement between Local 174 and their employer (requiring their employer to make weekly deductions for initiation fees), and in accordance with the check-off authorization directing their employer to make such weekly deductions, even though such applicants had sufficient wages from which the deductions could have been made to have paid the initiation fees in full in advance of the election date, or (iii) the Local misapplied monies deducted by the employer from the wages of new applicants and remitted to the Local by appropriating such monies to the new applicants' dues obligation rather than to their initiation fee; and

WHEREAS, the parties to this action now wish to resolve it fully and amicably without the necessity of a trial,

IT IS NOW, HEREBY, STIPULATED TO AND AGREED, by and between the parties to this action, through their undersigned counsel, and IT IS NOW, HEREBY, ORDERED AND ADJUDGED, by this Honorable Court, as follows:

1. The Secretary of Labor and the Local have entered into this stipulation for the sole purpose of resolving the issues herein and for no other purpose. By executing this stipulation the Local does not admit any wrongdoing or violation of the Act, nor any other applicable laws related to the allegations in the Complaint.

2. Defendant Union's next regularly scheduled nominations meeting and officer elections for all seven (7) positions on its Executive Board (Secretary-Treasurer, President, Vice-President, Recording Secretary, and three Trustees), to be held in the Fall of 2003, shall be supervised by the Plaintiff Secretary of Labor. Such supervised election is to be completed no later than December 31, 2003. Such election shall be conducted in accordance with Title IV of the Act (29 U.S.C. §§ 481 et seq.), and, insofar as is lawful and practicable, in accordance with the Constitution and Bylaws of the Union. The persons elected in the supervised election shall serve a full three-year term as specified in the Local's Constitution and By-Laws, beginning January 1, 2004.

3. All decisions as to the legality and practicality of any election procedures and as to the interpretation or application of Title IV of the Act, and of the Constitution and By-Laws of the Local, which relate to the conduct of the supervised election, are to be made and determined by Plaintiff the Secretary of Labor, and her decision in all such matters shall be final, unless and until any such decision is, on application of the Local, set aside by the Court.

4. The officers declared elected in the 2000 officer election will serve the remainder of their unexpired terms of office through December 31, 2003.

5. In the supervised election, the "6 month rule" (under which applicants for membership were deemed eligible to vote in the 2000 officer election if he/she paid dues and initiation fees by checkoff and had been employed in excess of six (6) calendar months, notwithstanding that he/she had not fully paid his/her initiation fee), shall not be applicable.

6. The parties acknowledge that there remains in this matter a potential issue regarding the eligibility of Intervener Robert Hasegawa to run for office in the supervised election being provided for in this Stipulation and Order of Settlement. If circumstances develop that this does become an issue, the parties agree to submit the matter to the Court for resolution and to conduct the supervised election in accordance with the Court's decision. The parties agree to file with the Court any Motions regarding this potential issue no later than sixty (60) days before the date of the nominations meeting to be held in the supervised election.

7. The Court shall retain jurisdiction of this action subsequent to the entry of this Stipulation and Order. After completion of the election specified in paragraph 2, Plaintiff the Secretary of Labor shall certify to the Court the names of the persons elected in said election, and she shall further certify that such election was conducted in accordance with Title IV of the Act, and with the provisions of the Constitution and By-Laws of the Local to the extent lawful and practicable. Upon the Court's receipt and approval of such certification, it shall enter a judgment declaring such persons to be officers of the Local, as shown by such certification, to serve a three-year term of office. The judgment shall further provide that each party will bear its own fees and expenses incurred by such party in connection with any stage of this proceeding.

IT IS SO ORDERED, at Seattle, Washington this 28th day of January, 2003.

_____
HONORABLE ROBERT S. LASNIK
United States District Judge
Western District of Washington

Presented by:

JOHN MCKAY
United States Attorney

_[signature]_
ROBERT M. TAYLOR (WSBA 5372)
Assistant United States Attorney
Attorney for Plaintiff
(206) 553-7970

*Of Counsel:*

HOWARD M. RADZELY
Acting Solicitor of Labor

ROCHELLE KLEINBERG
Associate Regional Solicitor

JAY WILLIAMSON
Staff Attorney

_[signature]_
Jay Williamson (WSBA 10809)
(206) 553-0940

U.S. DEPARTMENT OF LABOR


DAVIES, ROBERTS & REID, LLP
101 Elliott Ave. W., Suite 550
Seattle, WA 98115

_[signature]_
KENNETH J. PEDERSEN (WSBA 11150)
Attorney for Defendant Local 174
(206) 285-3610

LAW OFFICE OF DAVID N. MARK

_[signature]_
David N. Mark (WSBA 13908)
Attorney for Intervener Robert Hasegawa